IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| KRISTEN JENSEN,<br><br>    Plaintiffs,<br><br>vs.<br><br>AMERICA'S WHOLESALE LENDER, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 1:09-CV-169 TS |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons discussed below, the Court will grant the Motion.

## I. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiff must provide "enough facts

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[6] Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[7]

The Supreme Court explained the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[8] In *Iqbal*, the Court reiterated that while Fed.R.Civ.P. 8 does not require detailed factual allegations,

---

[2]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[3]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6]*Id*.

[7]*The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8]556 U.S. \_\_\_, 129 S.Ct. 1937 (2009).

it requires "more than unadorned, the-defendant-unlawfully harmed-me accusation[s]."[9] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[10] "Nor does a complaint suffice if it tenders 'naked assertion[s]" devoid of 'further factual enhancement.'"[11]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[12]

---

[9] *Id.* at 1949.

[10] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[11] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[12] *Id.* at 1949-50 ( internal quotation marks and citations omitted).

3

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[13] This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[14] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[15]

## II. FACTUAL BACKGROUND

Plaintiff's Amended Complaint alleges a number of claims, including: extortion, fraud, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), civil conspiracy, violation of the Fair Credit Reporting Act ("FCRA"), breach of the implied covenant of good faith and fair dealing, unjust enrichment, and declaratory relief. Though it is difficult to discern, Plaintiff appears to assert a conspiracy among Defendants to foreclose on Plaintiff's home.

---

[13] *Hall v. Bellmon*, 935 F.2d 1006, 1110 (10th Cir. 1991).

[14] *Id.*

[15] *Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

III.  DISCUSSION

As an initial matter, the Court finds that Plaintiff's allegations are the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]"[16] recently rejected by the Supreme Court. Plaintiff's Amended Complaint "offers 'labels and conclusions' [and] 'a formulaic recitation of the elements of a cause of action'"[17] and merely states "'naked assertion[s]' devoid of 'further factual enhancement.'"[18] Such allegations do not nudge Plaintiff's claims across the line from conceivable to plausible. That being said, the Court will turn to Plaintiff's specific causes of action.

A.   MOTION TO DISMISS

   1.   EXTORTION

Plaintiff's first cause of action alleges a claim for "extortion." Utah law does not recognize a civil claim for relief for extortion. Therefore, this claim will be dismissed.

   2.   FRAUD

Plaintiff's second cause of action alleges fraud.

> [I]n order to prevail on a claim of fraud, all the elements of fraud must be established by clear and convincing evidence. Those elements are: (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representer either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge on which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other

---

[16]*Iqbal*, 129 S.Ct. at 1949.

[17]*Id*. (quoting *Twombly*, 550 U.S. at 555).

[18]*Id*. (quoting *Twombly*, 550 U.S. at 557).

5

party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.[19]

Because Plaintiff's claim alleges fraud it must meet the requirements of Fed.R.Civ.P. Rule 9(b). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Simply stated, a complaint must 'set for the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[20] "Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud."[21]

Plaintiff's allegations in relation to her fraud claim consists of labels and conclusions and are devoid of factual enhancement. As a result, they do not meet the requirements of Fed.R.Civ.P. 8. Nor do these broad, vague, and conclusory allegations meet the stricter requirements of Rule 9(b). Therefore, this claim will be dismissed.

3. RICO

"The elements of a civil RICO claim are (1) investment in, control of, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity."[22] Racketeering activity is defined "as any 'act which is indictable' under federal law and specifically includes mail fraud, wire

---

[19] *Secor v. Knight*, 716 P.2d 790, 794 (Utah 1986) (citations omitted).

[20] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

[21] *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citation omitted).

[22] *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006).

6

fraud and racketeering."[23] A pattern of racketeering requires at least two acts of racketeering activity in a ten-year period.[24] Furthermore, to show a pattern of racketeering activity, a RICO plaintiff must also satisfy two additional elements: a relationship between the predicates and the threat of continuing activity.[25]

Plaintiff's Amended Complaint fails to meet the pleading requirements for a civil RICO claim. As with the rest of her allegations, Plaintiff's allegations in relation to her RICO claims consist of labels and conclusions and are devoid of factual enhancement. For example, Plaintiff states, in conclusory fashion, that all Defendants are an "enterprise." Further, Plaintiff has failed to allege that the predicate acts complained of in the Amended Complaint constitute predicate acts under the RICO statute. Finally, Plaintiff has failed to allege enough facts to establish a pattern of racketeering activity. Therefore, this claim will be dismissed.

Plaintiff also asserts a RICO conspiracy claim. As Plaintiff has set forth no viable claim under Section 1962(c), her RICO conspiracy claim cannot stand and will be dismissed.[26]

4.   CIVIL CONSPIRACY

Under Utah law Plaintiff must show five elements in order to prove a civil conspiracy: (1) a combination of two or more persons; (2) an object to be accomplished; (3) a meeting of the

---

[23]*Id*. (quoting 18 U.S.C. § 1961(1)(B)).

[24]18 U.S.C. § 1961(5).

[25]*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

[26]*See Tal*, 453 F.3d at 1270 ("Because Appellants have failed to allege a sufficient claim under subsections (b) or (c), their subsection (d) conspiracy claim fails as a matter of law.").

minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result thereof.[27]

Plaintiff's Amended Complaint is devoid of any factual allegations supporting a claim for civil conspiracy. Rather, Plaintiff's allegations are the type of unadorned accusations rejected by the Supreme Court in *Twombly* and *Iqbal*. Therefore, this claim cannot stand. Further, Plaintiff has failed to allege damages as a result of the alleged conspiracy, a necessary element. For these reasons, Plaintiff's civil conspiracy claim must be dismissed.

5.  FCRA

Plaintiff brings a cause of action for violations of the Fair Credit Reporting Act. Plaintiff alleges that Defendants are furnishers of information to consumer reporting agencies, that Defendants knew Plaintiff was disputing the mortgage loan transaction, and, despite this, continued to make negative reports on Plaintiff's credit report.

Defendants argue that this claim must be dismissed because: (1) there is no private right of action under the FCRA against a "furnisher" of information for providing false information to a credit reporting agency; and (2) even if a private right of action exists, the duties giving rise to this right of action are created only when the furnisher receives notice of a dispute from a consumer reporting agency. Because the Court agrees that this claim must be dismissed on the second ground, the Court need not reach the first.

The responsibilities of furnishers of information under the FCRA are set forth in 15 U.S.C. § 1681s-2. Section 1681s-2 divides these duties into two categories: (1) "Duty of

---

[27] *Waddoups v. Amalgamated Sugar Co.*, 54 P.3d 1054, 1064 (Utah 2002).

furnishers of information to provide accurate information" under subsection (a); and (2) "Duties of furnishers of information upon notice of dispute" under subsection (b). The duties imposed by subsection (a) are enforceable only by the Federal Trade Commission and other designated government agencies.[28] In other words, Congress has explicitly precluded any private right of action relating to the duties imposed on furnishers of information under § 1681s-2(a).

Subsection (b) imposes a number of duties on furnishers of information upon receiving notice from a consumer reporting agency of "a dispute with regard to the completeness or accuracy of any information provided . . . to [the agency]," including: (1) to conduct an investigation of the disputed information; (2) to review the information regarding the dispute provided by the consumer reporting agency; (3) to report the results to the consumer reporting agency; (4) to report any incomplete or inaccurate information to other consumer reporting agencies; and (5) to correct or remove the inaccurate or incomplete information.[29]

However, these duties arise only when the furnisher of information receives notice of a dispute from a consumer reporting agency pursuant to § 1681i(a)(2).[30] Upon receiving notice of a consumer dispute, a consumer reporting agency is required to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute

---

[28] 15 U.S.C. § 1681s-2(d).

[29] *Id.* at § 1681s-2(b)(1)(A)-(E).

[30] *Id.* at § 1681s-2(b)(1); *Whisenant v. First Nat'l Bank & Trust Co.*, 258 F. Supp. 2d 1312, 1316 (N.D. Okla. 2003).

9

from the consumer."[31] Within five days after receiving notice of the dispute, the consumer agency must notify the furnisher of the disputed information.[32] The furnisher of information must then fulfill its § 1681s-2(b) duties before the expiration of the consumer reporting agency's 30-day period.[33] Importantly, § 1681s-2(b) duties do not arise when the consumer himself gives notice of a dispute directly to the furnisher of information.[34]

Plaintiff has failed to allege that Defendants received notice of a dispute from a credit reporting agency. Therefore, Defendants could not have breached any duties under the FCRA. Therefore, this claim must be dismissed.

    6.    BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Every contract is subject to an implied covenant of good faith.[35] Plaintiff alleges that Defendants have breached that implied covenant. Again, however, Plaintiff's allegations are completely devoid of any factual allegations to support such a claim. Therefore, this claim will be dismissed.

    7.    UNJUST ENRICHMENT AND DECLARATORY RELIEF

For substantially the same reasons as stated above, Plaintiff's claims for unjust enrichment and declaratory relief must be dismissed. As with many of Plaintiff's other claims,

---

[31] 15 U.S.C. § 1681i(a)(1)(A).

[32] *Id.* at § 1681i(a)(2)(A).

[33] *Id.* at § 1681s-2(b)(2).

[34] *Aklagi v. Nationscredit Fin. Servs.*, 196 F. Supp. 2d 1186, 1193 (D. Kan 2002).

[35] *Brehany v. Nordstrom*, 812 P.2d 49, 66 (Utah 1991).

her pleadings in relation to these claims do not meet the requirements of *Twombly* and *Iqbal* and must be dismissed.

B.  MOTION TO AMEND

Plaintiff seeks leave to amend if her Amended Complaint is deficient. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[36]

The Court finds that it would be futile to allow Plaintiff another opportunity to amend. Plaintiff has already amended her complaint once. Despite doing so, Plaintiff's Amended Complaint fails to state a claim for relief. There is nothing to suggest that the deficiencies in her Amended Complaint could be resolved if given another opportunity to amend. Therefore, her request will be denied.

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 11) is GRANTED. The Clerk of the Court is directed to close this case forthwith.

DATED   July 8, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[36] *Perkins*, 165 F.3d at 806.

11